**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Majida Al Ramdan, | No. CV-20-00540-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Majida Al Ramdan seeks judicial review of the Social Security Administration's decision to deny her application for Supplemental Security Income. (Doc. 19.) After initial agency denials of her application, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), which took place on February 13, 2019. (Doc. 14-3 at 29-55.) On March 18, 2019, the ALJ issued a decision finding Plaintiff—despite suffering from a severe impairment, degenerative disc disease—not disabled. (*Id.* at 14-23.) Plaintiff argues that, in denying her application, the ALJ committed reversible error by (1) failing to support her adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence, (2) neglecting to support with substantial evidence her finding that Plaintiff's mental impairments were non-severe, and (3) improperly assigning partial weight to the opinion of Dr. Beverly Yoches.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d

503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective reporting concerning the severity of her symptoms. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). She found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff but concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are not wholly reliable and are inconsistent with the evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Specifically, the ALJ found Plaintiff's allegations that she is unable to sit longer than about 15 minutes, stand more than 5 minutes, ambulate without an assistive device, or walk more than 100 feet at a time inconsistent with Plaintiff's own reports of daily walks to the park and out-of-state travel, and with medical records documenting full strength, normal gait, increased mobility with physical therapy, significant improvement with injections, and a frequent lack of documentation of Plaintiff's use of an assistive device. (Doc. 14-3 at 19-21.) Similarly, the ALJ underscored that Plaintiff's expressed fear of leaving her home is inconsistent with her reports that she "leaves the house a lot of times" and wants to visit her daughter in Oregon. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that inconsistencies in the claimant's testimony may support an adverse credibility finding). Also, the ALJ suggested that Plaintiff's reporting lacks reliability because she exhibited poor effort and resisted providing meaningful information or participating in examinations. (Doc. 14-3 at 21-22.) In sum, the ALJ provided clear and convincing reasons supported by substantial evidence that adequately justify her adverse credibility determination. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

2. The ALJ supported her conclusion that Plaintiff's mental impairments were non-

severe with substantial evidence, noting that the evidence indicates that Plaintiff's post-traumatic stress disorder ("PTSD"), anxiety, and depression do not impose more than mild limitations in Plaintiff's ability to (1) understand, remember, or apply information, (2) interact with others, (3) concentrate, persist, or maintain pace, and (4) adapt or manage herself. 20 C.F.R. § 416.920(c) (a severe impairment is one that "significantly limits [one's] physical or mental ability to do basic work activities"). In support, the ALJ pointed to evidence indicating Plaintiff has traveled out of state (Doc. 14-10 at 22), leaves the house regularly (Doc. 14-8 at 95), receives only conservative medical treatment (Doc. 14-10 at 22, 30, 61), did not exhibit problems with comprehension, attention, or concentration (Doc. 14-8 at 96), declined therapy (Doc. 14-10 at 45), has not required inpatient or emergency psychiatric services, refused to undergo certain mental status examinations that could have helped to assess her limitations, and was reported to be an unreliable historian, providing minimal effort and information (Doc. 14-8 at 96-97). Even if an alternative reading of the evidence could support a finding that Plaintiff experiences more than mild mental limitations, as Plaintiff suggests, "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," as here. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

3.      The ALJ provided a specific and legitimate reason for assigning only partial weight to the opinion of Plaintiff's examining psychiatrist, Dr. Yoches. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Yoches opined that Plaintiff's "ability to get along with the general public, co-workers or supervisors will likely be hindered by her poor motivation to interact with others and her persistent depressive symptoms." (Doc. 14-8 at 98.) The ALJ assigned this opinion only partial weight due, *inter alia*, to vagueness. The Court agrees that Dr. Yoches' opinion fails to illustrate the extent of Plaintiff's limitations, to provide any meaningful guidance, or to support a finding that Plaintiff's mental limitations were more than mild.[1] *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020)

_____

[1] Because Dr. Yoches' opinion fails to support a finding that Plaintiff suffered from more than mild limitations in interacting with the general public, coworkers, or supervisors, even if the ALJ had improperly rejected the opinion, such rejection would be harmless.

(an ALJ may reject an opinion when it does not provide "useful statements regarding the degree of [a plaintiff's] limitations" and the ALJ "could reasonably conclude these characterizations were inadequate for determining RFC"). Consequently, the ALJ's rejection of Dr. Yoches' opinion was proper. Because the ALJ's decision is free of harmful legal error and supported by substantial evidence,

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 8th day of July, 2021.

Douglas L. Rayes
United States District Judge